**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ZI-XING LIN,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 04-73860

Agency No.
A75-011-071

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2006*
Seattle, Washington

Filed January 5, 2007

Before: Dorothy W. Nelson, Richard A. Paez, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Smith

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Karen Jaffe, New York, New York, for the petitioner.

Donald A. Couvillon, Washington, D.C., for the respondent.

## OPINION

SMITH, Circuit Judge:

Petitioner is a Chinese national who was lawfully removed from the United States, re-entered illegally, and then filed an

untimely motion to reopen his original deportation proceedings. The immigration judge ("IJ") denied petitioner's motion, the Board of Immigration Appeals ("BIA") affirmed that denial, and petitioner appealed to this court. We reverse and remand because (a) 8 C.F.R. § 1003.23(b)(1) cannot be applied to the facts of this case, (b) no steps were taken by the Department of Homeland Security ("DHS") to reinstate petitioner's prior removal order under 8 C.F.R. § 241.8, and (c) neither the IJ nor the BIA made any finding concerning whether petitioner's motion was eligible for any exception to late filing under 8 C.F.R. § 1003.23(b)(4).

## FACTS AND PRIOR PROCEEDINGS

Petitioner first entered the United States on July 14, 1997, on a flight from Russia to Anchorage, Alaska. Petitioner and his two traveling companions (also Chinese) claimed to be Japanese nationals and carried Japanese passports that had been stolen in Thailand and fraudulently altered. Petitioner was placed in removal proceedings before an IJ. After hearing his testimony, the IJ found petitioner not credible and denied his petition for asylum and withholding of removal. Additionally, the IJ made an unsubstantiated "special finding" that the application was "frivolous" and that petitioner was therefore "barred forever from seeking any type of immigration relief." Petitioner did not appeal these determinations and was removed to China. There is no indication in the record that any proceedings were pending after petitioner's removal from the United States.

On December 24, 1999, petitioner illegally returned to the United States. Petitioner filed a new application for asylum which the agency rejected because it had denied his prior asylum application. Despite the rejection of his application, petitioner remained in the United States. On April 7, 2004, petitioner filed a Motion to Reopen Due to Changed Circumstances with his original IJ. U.S. Immigration and Customs Enforcement ("ICE") opposed the motion, arguing that under

8 U.S.C. § 1231(a)(5), an alien who has reentered the United States illegally after having been removed is "subject to reinstatement of his prior removal order," and that the IJ "lacks jurisdiction to reopen his prior removal order." Citing no authority, the IJ found that she lacked jurisdiction to reopen the case and denied the motion. Petitioner appealed the denial of his motion to the BIA.

The BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge" and dismissed the appeal. The BIA found that 8 U.S.C. § 1231(a)(5) deprived the IJ of jurisdiction to reopen the case and that the IJ's previous finding that petitioner had filed a frivolous application for asylum under INA § 208(d)(6) rendered petitioner "permanently ineligible for any benefits under the Act." Petitioner appealed to this court.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the affirmance of a denial of a motion to reopen under 8 U.S.C. § 1252(a)(1).[1] The IJ and the BIA both based their denials of the motion on the ground that they lacked jurisdiction to consider it. While we review a ruling on the merits of a motion to reopen for abuse of discretion, *see INS v. Doherty*, 502 U.S. 314, 323-24 (1992), we review questions of law, including an agency's determination of its own jurisdiction, *de novo*. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

---

[1]The denial of a motion to reopen falls within our jurisdiction over final orders of removal (not issued *in absentia*) under 8 U.S.C. § 1252(a)(1), provided that the denial has been separately appealed. *See Azarte v. Ashcroft*, 394 F.3d 1278, 1281 (9th Cir. 2005); *Sarmadi v. INS*, 121 F.3d 1319, 1321-22 (9th Cir. 1997).

## ANALYSIS

### A.   Departure from the United States

[1] The government's principal argument on appeal is that 8 C.F.R. § 1003.23(b)(1) precludes an alien who has been removed from the United States from filing a motion to reopen those removal proceedings. This is an issue of first impression in this circuit,[2] and it must be evaluated in light of the well-established canon that ambiguities in deportation statutes should be construed in favor of the alien. *Kwai Fun Wong v. United States*, 373 F.3d 952, 962 (9th Cir. 2004); *see also Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141 (9th Cir. 2002) (citing *INS v. St. Cyr*, 533 U.S. 289, 320 (2001)).

[2] The relevant provision of 8 C.F.R. § 1003.23(b)(1) reads:

> A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider shall constitute a withdrawal of such motion.

[3] The government argues that under the regulation "a motion to reopen '[can]not be made' by an alien who was in proceedings after the alien's 'departure from the United States.' " Respondent's Brief at 11 (alterations in original).

---

[2]This court has, however, addressed the applicability of the parallel regulation governing motions to reopen filed with the BIA in a similar, but distinguishable, factual situation. *See Singh v. Gonzales*, 412 F.3d 1117 (9th Cir. 2005).

We disagree. The regulation is phrased in the *present* tense and so by its terms applies only to a person who departs the United States while he or she "*is* the subject of removal . . . proceedings." 8 C.F.R. § 1003.23(b)(1) (emphasis added). Because petitioner's original removal proceedings were completed when he was removed to China, he did not remain the subject of removal proceedings after that time. While the regulation may have been intended to preclude aliens in petitioner's situation from filing motions to reopen their completed removal proceedings, the language of the regulation does not unambiguously support this result. Because ambiguity must be construed in favor of the petitioner, we decline to adopt the government's construction of the regulation and cannot affirm the denial of petitioner's motion to reopen on this ground.

This holding is consistent with the court's decisions in *Singh v. Gonzales*, 412 F.3d 1117 (9th Cir. 2005) and *Konstantinova v. INS*, 195 F.3d 528 (9th Cir. 1999). The *Singh* court found that 8 C.F.R. § 1003.2(d), the regulation governing motions to reopen filed with the BIA, rather than an IJ, did not prevent Singh from filing a motion to reopen when he withdrew his asylum application, voluntarily departed the United States, and subsequently had an order of removal entered against him *in absentia*. 412 F.3d at 1121. The court reasoned that because Singh left the United States before removal proceedings had commenced against him, he was not a "subject of removal . . . proceedings" when he departed the United States. *Id.* Similarly, in *Konstantinova*, this court reached the merits of a motion to reopen filed by Bulgarian nationals who were granted voluntary departure, departed the United States, and then filed a motion to reopen the prior proceedings. 195 F.3d at 530.

## B.  Illegal Reentry After Prior Removal

**[4]** The IJ and BIA both denied petitioner's motion to reopen on the ground that because petitioner was removed and subsequently reentered illegally, 8 U.S.C. § 1231(a)(5)

deprived them of jurisdiction to hear the motion.[3] The IJ apparently assumed, and the BIA explicitly found, that the original deportation order had been "automatically reinstated by operation of law" upon the petitioner's illegal reentry into the United States. This was error. 8 C.F.R. § 241.8 is the implementing regulation for § 1231(a)(5) and it requires that before the prior order can be reinstated, the immigration officer must (1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States. If the officer determines that the alien is subject to removal under 8 C.F.R. § 241.8(a), he or she must provide the alien with written notice of his or her determination and give the alien an opportunity to make a statement contesting the determination. 8 C.F.R. § 241.8(b). Only if the requirements of 8 C.F.R. § 241.8(a) and (b) have been satisfied is the alien removable under the previous order. 8 C.F.R. § 241.8(c). Although petitioner admitted in his second application for asylum that he was previously removed from the United States and then reentered illegally, the record does not show that the DHS complied with the balance of 8 C.F.R. § 241.8. Accordingly, we find that the denial of petitioner's motion cannot rest on the IJ's determination that 8 U.S.C. § 1231(a)(5) deprived her of jurisdiction to hear petitioner's motion.

## C.   Timeliness

[5] Lastly, we note that the IJ and BIA made no findings regarding the timeliness of petitioner's motion. Under 8 C.F.R. § 1003.23(b)(1), motions to reopen are subject to a

---

[3]Although the IJ did not cite any provision of law as the basis for her decision, because she indicated that she "agrees with ICE that this Court has no jurisdiction to reopen this case," and because ICE cited 8 U.S.C. § 1231(a)(5) in its Opposition to Motion to Reopen, we assume the IJ relied on this provision.

strict time limit of ninety days following entry of the final order of removal, subject to narrow exceptions in 8 C.F.R. § 1003.23(b)(4). Although this motion to reopen was clearly untimely, the BIA affirmed the denial of the motion on jurisdictional grounds and did not address either the timeliness of the motion or the possible applicability of the exceptions in 8 C.F.R. § 1003.23(b)(4)(i). Because there has been no final agency determination on the issue of timeliness, we may not affirm on that basis. *See, e.g.*, *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002). We therefore remand with instructions to determine whether the evidence petitioner presented in support of his untimely motion constitutes evidence of changed country conditions, and if so, whether this evidence was "material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i).

## CONCLUSION

Because we have been presented with no lawful basis on which the denial of petitioner's motion to reopen may be affirmed, the denial is REVERSED and petitioner's case is REMANDED to the BIA with instructions to remand to the IJ for further proceedings consistent with this opinion.

PETITION GRANTED and REMANDED