**Jorge Contreras WITRON aka Jorge Contreras–Huitron and Ana Maria Contreras, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70949.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 3, 2007.

Rochelle A. Nwadibia, Privitera and Nwadibia, San Francisco, CA, Martin James Martinez, Martinez Law Offices, Napa, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: DW NELSON and CALLAHAN, Circuit Judges, and CARNEY,* District Judge.

of California, sitting by designation.

## MEMORANDUM **

Petitioners Jorge Contreras Witron and Ana Maria Contreras, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' (the "BIA") denial of their motion to reopen and reissue the BIA's earlier decision refusing to reopen and reconsider Petitioners' applications for cancellation of removal. Petitioners contend that they did not receive the BIA's earlier decision refusing to reopen and reconsider their application for cancellation of removal until after the time to file a petition for review of that earlier decision had expired.

We have jurisdiction to review the Board's denial of Petitioners' motion to reopen and reissue. *See* 8 U.S.C. § 1252(a); *Singh v. Gonzales,* 469 F.3d 863 (9th Cir.2006). Denial of a motion to reopen and reissue is not a discretionary decision under 8 U.S.C. § 1252(a)(2)(B)(ii). Rather, it is treated as a final order of removal. *See Singh,* 469 F.3d at 865; *Lin v. Gonzales,* 473 F.3d 979, 981 n. 1 (9th Cir.2007). We review the BIA's denial of Petitioners' motion to reopen and reissue for abuse of discretion. *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004).

Contrary to Petitioners' argument, the BIA acted within its discretion when it denied Petitioners' motion to reopen and reissue. Under its own regulations, the BIA is obligated to give notice of its decisions by serving them, either physically or by mail, upon the parties affected. *See* 8 C.F.R. §§ 1003.1(f), 1003.13. According to the record, the BIA did in fact mail its earlier decision to the correct address of the Petitioners' attorney the day after the decision was issued. While Petitioners allege that they did not receive the decision

until 29 days later precluding them from filing a petition for review, the BIA was presented with no evidence to indicate that it failed to fulfill its obligation to give notice of the decision. *See Singh,* 469 F.3d at 868. **PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

