Arsen KHATCHIKIAN, Petitioner,

v.

Peter D. KEISLER,* Attorney
General, Respondent.

No. 05–71860.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Arsen Khatchikian, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Arsen Khatchikian, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order adopting and affirming an immigration judge's ("IJ") decision denying his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo. *See Lin v. Gonzales,* 473 F.3d 979, 981 (9th Cir.2007). We dismiss in part and grant in part the petition for review and remand.

As a preliminary matter, we reject the government's contention that Khatchikian has waived any challenge to the agency's denial of his motion to reopen. *See Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004). The agency erred in concluding that Khatchikian was ineligible to file a motion to reopen deportation proceedings on the ground that he departed the United States after he was ordered deported in absentia. *See Lin,* 473 F.3d at 982 (holding that 8 C.F.R. § 1003.23(b)(1) does not preclude jurisdiction over motions to reopen filed by petitioners who had been lawfully deported after the completion of immigration proceedings and then reentered illegally). Accordingly, we remand to the BIA with instructions to remand to the IJ for further proceedings consistent with this disposition.

We lack jurisdiction to review Khatchikian's contention that the IJ should not have terminated removal proceedings under Agency No. A75–715–700, because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DIS-MISSED in part; GRANTED in part; REMANDED.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.