MEMORANDUM **
Rigoberto Chavez-Gallegos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order affirming without opinion the decision of an immigration judge denying his motion to reopen proceedings in which he was ordered deported in absentia. We have *2 jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo, Lin v. Gonzales, 473 F.3d 979, 981 (9th Cir.2007), and we review the denial of a motion to reopen for abuse of discretion. Id. We grant the petition for review and remand for further proceedings.
The agency erred in concluding that Chavez was precluded from filing a motion to reopen on the ground that he departed the United States after he was ordered deported. See id. at 982 (holding that 8 C.F.R. § 1003.23(b)(1) does not preclude motions to reopen filed by aliens who have been deported after the completion of immigration proceedings).
The agency also abused its discretion in concluding that Chavez had not rebutted the presumption of effective delivery of the notice of hearing. Chavez submitted sworn declarations that his mailing address was unchanged and that neither he nor a responsible party at that address refused postal service. See Arrieta v. INS, 117 F.3d 429, 432 (9th Cir.1997) (per curiam) (stating that if alien can establish that her mailing address remained unchanged, that service was not refused, and that there was nondelivery by the postal service, then she has rebutted the presumption of effective service). We remand for reconsideration of Chavez’s motion to reopen.
In light of our disposition, we do not address Chavez’s contention regarding adjustment of status. If necessary, the agency should address in the first instance whether Chavez may reopen his proceedings pursuant to Matter of M-S, 22 I. & N. Dec. 349 (BIA 1998) (en banc). See generally INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.