**Marcus Christian LELLAN, a.k.a. Marcus Lellan, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72211.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gary Silbiger, Esq., Culver City, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Marcus Christian Lellan, a native and citizen of Denmark, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reconsider the denial of his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand.

We reject the government's contention that the agency was precluded from considering Lellan's motion because it was submitted after his removal to Denmark. *See Lin v. Gonzales*, 473 F.3d 979, 982 (9th Cir.2007) (8 C.F.R. § 1003.23(b)(1) permits motions to reopen filed by aliens who are no longer the subject of removal proceedings).

■ We disagree with the agency's conclusion that Lellan had constitutionally adequate counsel at his hearing before the IJ. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004) ("We do not require that [petitioner's] representation be brilliant, but it cannot serve to make [the] immigration hearing so fundamentally unfair that [petitioner] was prevented from reasonably presenting his case.") (internal quotation marks omitted). Lellan was removed as an aggravated felon based on his convictions for four counts of vehicular manslaughter in violation of Cal.Penal Code § 192(c)(1). At the time of his removal proceeding, certiorari had been granted by the Supreme Court in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). Less than four months after Lellan waived appeal to the BIA, *Leocal* held that criminal acts require a mens rea greater than accidental or negligent to be classified as aggravated felonies. *Id.* at 11, 125 S.Ct. 377. Subsequent Ninth Circuit law applied *Leocal* to a petitioner convicted under a similar statute for gross vehicular manslaughter, and held that the crime was not an aggravated felony for immigration purposes. *See Lara–Cazares v. Gonzales*, 408 F.3d 1217 (9th Cir.2005). Lellan's declaration indicates that he was not advised by his former counsel that he could prevail on appeal, and his former counsel's declaration notably fails to mention that she advised Lellan of *Leocal*. *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir.2003) (BIA is required to accept the facts in a petitioner's declaration unless they are inherently unbelievable).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

 Moreover, Lellan has demonstrated prejudice. *See Mohammed,* 400 F.3d at 793 (in order to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). Lellan need only demonstrate that counsel's performance "may have affected the outcome of his proceedings." *Id.* at 793–94. Given that *Leocal* was decided on November 9, 2004, three months after Lellan's notice of appeal to the BIA was due, and that our subsequent decision in *Lara–Cazares,* interpreting a nearly identical statute to that which provided Lellan's only ground of removability issued on May 23, 2005, Lellan's counseled decision to waive appellate review was prejudicial. We therefore remand with directions that the BIA reopen Lellan's proceedings. *See Singh v. Ashcroft,* 367 F.3d 1182, 1190 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.