IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-60758

JOEL CASTILLO-PERALES

Petitioner

V.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34-339-852

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Joel Castillo-Perales filed a motion to reopen his removal proceedings more than ten years after he was deported, although he admits he is still deportable, for the sole purpose of seeking a discretionary waiver from deportation. The motion was denied for lack of jurisdiction by the immigration judge and the Board of Immigration Appeals ("BIA"). Castillo now petitions this court to review the BIA's order. For the reasons stated herein, the petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Castillo is a native and citizen of Mexico who was admitted to the United States on September 10, 1975 as a lawful permanent resident. In 1993, Castillo pleaded guilty and was convicted in federal court of selling firearms to persons without completing the paperwork required by ATF, in violation of 18 U.S.C. §§ 2 and 922(b)(5). He was sentenced to 12 months of imprisonment and to three years of supervised release.

As a result of his firearms conviction, Castillo was served in May 1994 with a show cause order charging him with deportability. Castillo admitted to the charge and was ordered deported to Mexico on May 19, 1994. He waived his appeal to the BIA and was deported on May 20, 1994.

Sometime after Castillo was deported, he filed a motion to vacate the sentence in his criminal case pursuant to 28 U.S.C. § 2255. In 1998, the district court granted the motion finding that Castillo should have been sentenced under the misdemeanor provisions of 18 U.S.C. § 924(a)(3) rather than the felony provisions of § 924(a)(1). Consequently, Castillo's felony sentence was vacated and reduced to a misdemeanor sentence.

On March 28, 2007, Castillo filed a "Motion to Exercise Sua Sponte Authority to Reopen the Removal Proceedings Based on Respondent's Prima Facie Eligibility to Apply for 212(c) Waiver Under [INS v. St. Cyr, 533 U.S. 289 (2001)]." Although Castillo admits he is still deportable based on his misdemeanor conviction, Castillo argued that the reduction of his sentence from a felony to a misdemeanor made him eligible for a discretionary waiver from deportation pursuant to the former § 212(c) of the Immigration and Nationality Act ("INA").[1] In his motion, Castillo argued that the immigration judge had jurisdiction to consider his motion to reopen, despite his deportation, because

---

[1] Although the former § 212(c) was literally applicable only to exclusion proceedings, it was interpreted by the BIA to authorize any permanent resident alien with a lawful unrelinquished domicile of seven consecutive years to apply for a discretionary waiver from deportation. St. Cyr, 533 U.S. at 295.

"[t]he St. Cyr decision constitutes a fundamental change in the law, which qualifies as an 'exceptional circumstance' that merits sua sponte reopening." The immigration judge determined that it lacked jurisdiction to reopen Castillo's removal proceedings under 8 C.F.R. § 1003.23(b)(1) because Castillo filed the motion subsequent to his departure from the United States.

Castillo appealed to the BIA. Citing 8 C.F.R. §§ 1003.23(b)(1), 1003.44(k)(1), and 1003.2(d), the BIA determined that the immigration judge correctly concluded that it lacked jurisdiction to consider Castillo's motion to reopen. Castillo filed a timely petition for review in this court.

## II. DISCUSSION

Castillo challenges the BIA's interpretation of its own regulations, an area in which this court grants the BIA considerable latitude. Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir. 2003). "'[W]hile an agency interpretation of a regulation is entitled to due deference, the interpretation must rationally flow from the language of the regulation.'" Id. (quoting Acadian Gas Pipeline Sys. v. FERC, 878 F.2d 865, 868 (5th Cir. 1989)). Thus, the question in the present case is whether the BIA's conclusion that the BIA and the immigration judge lacked jurisdiction to reopen a removal proceeding after Castillo departed the United States rationally flows from the applicable regulations.

Under BIA regulations, a motion to reopen or to reconsider a removal proceding "shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." 8 C.F.R. §§ 1003.23(b)(1) and 1003.2(d). The BIA views the restriction as jurisdictional, and Castillo does not deny that he departed the United States before filing his motion to reopen his deportation proceedings.

This court has already held that the BIA's interpretation of sections 1003.23(b)(1) and 1003.2(d) is reasonable, and thus, entitled to deference. Navarro-Miranda, 330 F.3d at 676-77. In Navarro-Miranda, the

petitioner was convicted of felony driving while intoxicated ("DWI"), was ordered removed for having been convicted of an aggravated felony, and was deported to Mexico. Id. at 674. This court, in an intervening decision, held that a DWI conviction does not constitute an aggravated felony. Id.; see also United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001) (holding that a DWI conviction does not constitute a crime of violence as defined by 18 U.S.C. § 16(b)). Navarro-Miranda moved to reopen the removal proceedings after he had departed the United States on the basis that he was improperly deported. 330 F.3d at 674. The BIA denied the motion, determining that it lacked jurisdiction to consider a motion to reopen made by a person who has already been deported under § 3.2(d).[2] Id. Navarro-Miranda filed a timely petition for review with this court, arguing that the BIA should have sua sponte reopened his removal proceedings under § 3.2(a) due to the intervening change in law. Id. at 675.

This court held that "[t]he BIA's construction of § 3.2(d) as overriding § 3.2(a) such that the Board lacks jurisdiction to reopen the removal proceedings of a deported alien is a reasonable agency interpretation of the regulations." Id. at 676. The court thus denied Navarro-Miranda's petition for review of the BIA's order denying his motion to reopen his removal proceedings. Id. at 677. Although the designation of the relevant regulations has since changed, the substance of the regulations and the reasonableness of the BIA's interpretation of those regulations have not.

We acknowledge that there is not uniformity among the circuits on this issue. The Sixth Circuit has adopted this court's analysis and held that an alien is precluded from bringing a motion to reopen after he is deported. See Mansour v. Gonzales, 470 F.3d 1194, 1198 (6th Cir. 2006). The Ninth and Fourth Circuits have held that an alien may apply for a motion to reopen even after being

_____

[2] On February 28, 2003, 8 C.F.R. § 3.2 was redesignated as 8 C.F.R. § 1003.2 and 8 C.F.R. § 3.23 was redesignated as 8 C.F.R. § 1003.23. See 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003).

deported. See Lin v. Gonzales, 473 F.3d 979, 980 (9th Cir. 2007); William v. Gonzales, 499 F.3d 329, 332 (4th Cir. 2007). In Lin, the Ninth Circuit held that section 1003.23(b)(1) did not apply to bar reopening after deportation because "[t]he regulation is phrased in the present tense and so by its terms applies only to a person who departs the United States while he or she 'is the subject of removal . . . proceedings.'" Lin, 473 F.3d at 982 (quoting 8 C.F.R. § 1003.23(b)(1)) (emphasis and omissions in original). In William, the Fourth Circuit reached the same result as the Ninth Circuit, although by way of different reasoning. See William, 499 F.3d at 332. The Fourth Circuit held that section 1003.2(d) is invalid because it inconsistent with 8 U.S.C. § 1229a(c)(7)(A), which provides that "[a]n alien may file one motion to reopen proceedings under this section . . . ." Id. Even if this court found the reasoning in Lin or William persuasive, we are bound by Navarro-Miranda under this circuit's strict application of stare decisis. See FDIC v. Abraham, 137 F.3d 264, 268 (5th Cir. 1998).

Castillo argues that INS v. St. Cyr, 533 U.S. 289 (2001), a case decided two years earlier than Navarro-Miranda, "constitutes a fundamental change in the law, which qualifies as an 'exceptional circumstance' that merits sua sponte reopening." The petitioner in St. Cyr was a lawful permanent resident who pleaded guilty to a deportable offense in 1996, before § 212(c) of the INA was repealed. 533 U.S. at 293. His removal proceedings did not commence until April 10, 1997, after § 212(c) was repealed. Id. During his removal proceedings, he requested § 212(c) relief, which the BIA had interpreted as authorizing an eligible permanent resident to apply for a discretionary waiver from deportation. Id. The Attorney General refused to consider the application because he claimed he had no discretion to grant § 212(c) relief after its repeal by Congress. Id. The Supreme Court disagreed. It held that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for 212(c) relief at

the time of their plea under the law then in effect." 533 U.S. at 326. Thus, under St. Cyr, the repeal of § 212(c) does not apply to Castillo.

But the Supreme Court did not hold in St. Cyr that every alien who entered plea agreements before § 212(c) was repealed has the unqualified right to seek § 212(c) relief. In response to the Supreme Court's decision in St. Cyr, the BIA promulgated regulations to allow the continued filing of motions seeking § 212(c) relief. See 8 C.F.R. § 1003.44. Under those regulations, § 212(c) relief is not available to "[a]liens who have departed the United States and are currently outside the United States." 8 C.F.R. § 1003.44(k)(1). Because Castillo departed and is currently outside the United States, § 1003.44(k)(1) bars his request for § 212(c) relief.

In addition, this court notes that Castillo waited six years after St. Cyr was decided to file his motion to reopen. A motion to reopen must normally be filed within 90 days of a final decision. 8 U.S.C. § 1229a(c)(7)(C)(i). Assuming arguendo that the Supreme Court's decision in St. Cyr allowed the filing of a motion to reopen, it would not justify the six year delay in the present case.[3]

Accordingly, Castillo's petition for review is denied, as is his motion requesting this court to the urge the Government to take the same position in similar cases.

PETITION FOR REVIEW DENIED; MOTION DENIED.

---

[3] In this regard, both Lin and William are distinguishable. In Lin, the petitioner was seeking asylum and sought to reopen based on changed circumstances in the country of nationality, 473 F.3d at 981, which falls into an exception to the 90 day deadline for filing a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). In William, the petitioner filed his motion to reopen shortly after his conviction was vacated. 499 F.3d at 331.