**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLGA CLARISSA GARCIA DE RUIZ, | No. 06-71370 |
| Petitioner, | Agency No. A076-635-742 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Olga Clarissa Garcia de Ruiz petitions this court for review of the decision

of the Board of Immigration Appeals affirming the Immigration Judge's denial of

her motion to reopen her deportation proceedings. The Immigration Judge denied

the motion on three grounds. First, the evidence of U.S. citizenship Garcia sought

to submit in the reopened proceedings, contrary to the requirement of 8 C.F.R.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1003.23(b)(3), was available and could have been discovered or presented at the former hearing. Second, Garcia's evidence of U.S. citizenship was unreliable and was rebutted by the government's evidence that Garcia was born in Mexico. Third, 8 C.F.R. § 1003.23(b)(1) jurisdictionally bars an immigration court from reopening removal proceedings "where th[e] alien departed the United States pursuant to a final administrative order." *See* § 1003.23(b)(1) ("A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States.").

The Board of Immigration Appeals relied solely on the third ground in affirming the Immigration Judge's decision. Thus, our review is limited to that ground for affirmance. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the B[oard], we consider only the grounds relied upon by that agency."). We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Lin v. Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007). We review the legal question of an agency's jurisdiction *de novo*. *Id*.

After the Board issued its order, we decided *Lin v. Gonzales. See id*. We held in *Lin* that 8 C.F.R. § 1003.23(b)(1) "d[oes] not preclude jurisdiction over motions to reopen filed by petitioners, like [Garcia], who [were] lawfully removed after the

2

completion of immigration proceedings, and only bar[s] motions filed by an individual 'who departs the United States while he or she *is* the subject of removal . . . proceedings.'" *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam) (quoting *Lin*, 473 F.3d at 982) (first four alterations added) (emphasis in *Lin*). We recently reaffirmed, in construing the substantially identical regulation 8 C.F.R. § 1003.2(d), that the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen. *See Reyes-Torres v. Holder*, 645 F.3d 1073, 1076-77 (9th Cir. 2011). The government recognizes that *Lin* invalidated the Board's ground for affirming the denial of Garcia's motion to reopen—that the Immigration Judge lacked jurisdiction. Since we only review the ground relied upon by the Board, we must grant Garcia's petition and remand to the Board for further proceedings.

Petition for review GRANTED; REMANDED.