**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YSALAS PATINO-ORTIZ, AKA Ysaias Patino,<br><br>             Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 11-71942<br><br>Agency No. A037-731-383<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2015
Pasadena California

Before: CHRISTEN and HURWITZ, Circuit Judges, and BURGESS, District
Judge.[***]

Ysaias Patino Ortiz petitions for review of the decision of the Board of

Immigration Appeals (BIA) to dismiss his appeal from the denial of his third

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]    The Honorable Timothy M. Burgess, District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

motion to reopen.[1]  We deny the petition because Patino's third motion is time-barred.

    **1.**    Patino's departure from the United States did not deprive the BIA of jurisdiction under 8 C.F.R. § 1003.23(b) because the regulation "applies only to a person who departs the United States while he or she '*is* the subject of removal . . . proceedings.'"  *Lin v. Gonzales*, 473 F.3d 979, 982 (9th Cir. 2007) (quoting 8 C.F.R. § 1003.23(b)(1)).  Patino at no point departed the country while he was the subject of removal proceedings, and "the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen." *Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010).

    **2.**    Patino's motion is time-barred.  *See* 8 U.S.C. § 1229a(c)(7)(C)(I). Any equitable tolling available from his claim of ineffective assistance of counsel would run only from January 2008, when Patino's then-counsel filed the first motion to reopen.  It would not apply to the six years between 2001, when Patino was removed, and 2007, when he first sought to vacate his convictions.

    The California statute under which Patino vacated his conviction was enacted in 1977, and pertained to all criminal proceedings after January 1, 1978. Cal. Penal Code § 1016.5(b).  Patino entered his guilty plea and was convicted in

---

[1]    The parties are familiar with the facts, so we do not recount them here.

2000. Section 1016.5(b) allowed Patino to vacate his conviction because the criminal court failed to inform him of immigration consequences during the plea proceedings. *Id.* Patino certainly became aware of those consequences when he was removed for the conviction in 2001. Yet the record contains no evidence that he sought legal assistance until 2007. Because Patino failed to act with due diligence in the six intervening years, no equitable tolling is available for that period. *See Singh v. Gonzales*, 491 F.3d 1090, 1095–96 (9th Cir. 2007).

The petition for review is **DENIED**.