**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE COBOS-LUNA, | No. 15-71680 |
| Petitioner, | Agency No. A078-265-122 |
| v. | |
| DANA J. BOENTE, acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2016[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,[***] District Judge.

Felipe Cobos-Luna petitions for review of an order of the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel finds this case appropriate for submission without oral argument Pursuant to Federal Rule of Appellate Procedure 34(a)(2).

[***]      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his motion to reopen his 2001 removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). "[W]e review questions of law, including an agency's determination of its own jurisdiction, *de novo*." *Lin v. Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007).

Once a removal order is reinstated, 8 U.S.C. § 1231(a)(5) "bars review of [the initial removal] order either directly or collaterally." *Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir. 2003); *see also* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is *not subject to being reopened* or reviewed . . . ." (emphasis added)). Because Cobos-Luna's prior removal order had been reinstated before he filed his motion to reopen, the BIA correctly concluded that the IJ lacked jurisdiction to entertain the motion to reopen.

Cobos-Luna argues that the IJ had jurisdiction to consider reopening the removal order because the record does not show that an IJ reviewed and concurred in the asylum officer's negative fear determinations. He also argues that "the express deprivation of relief envisioned by . . . § 1231(a)(5) refers only to withholding of removal under the Act and should not be extended to exclude relief

2

consideration under the Convention Against Torture [(CAT)]." Petitioner did not raise either issue before the agency.[1] He has not exhausted these issues, and we lack jurisdiction to consider their merits. *See* 8 U.S.C. § 1252(d)(1) (mandating exhaustion of administrative remedies); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding "[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below").

Cobos-Luna also argues that we may review his motion to reopen because there was a gross miscarriage of justice in the original removal proceedings. Section 1252(a)(2)(D) "permits some collateral attack on an underlying removal order *during review of a reinstatement order* if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (emphasis added).

Here, however, Cobos-Luna timely petitioned for review of the denial of his motion to reopen the original removal order, not for review of the reinstatement of the order of removal, or of the original removal order. *See Lin v. Gonzales*, 473

---

[1] Cobos-Luna argued to the BIA that he was entitled to relief under CAT. He did not argue that CAT claims reinstate or otherwise affect the IJ's jurisdiction over a reinstated removal order.

3

F.3d 979, 981 n.1 (9th Cir. 2007). Our jurisdiction is therefore limited to considering whether the BIA should have granted the motion to reopen. *See Toufighi v. Mukasey*, 538 F.3d 988, 995–96 (9th Cir. 2008).

The motion to reopen did not comply with the time period for filing a motion to reopen, and Cobos-Luna did not demonstrate the applicability of any of the exceptions to the timeliness requirement. *See* 8 U.S.C. §§ 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.23(b). The BIA considered whether to grant reopening *sua sponte* but decided not to do so, "because the respondent has not identified any exceptional situation warranting that remedy."

Cobos-Luna did not raise any gross miscarriage of justice argument before the agency as a ground for granting the motion to reopen. We find no statutory, regulatory, or caselaw support for the proposition that the BIA had a legal duty to consider, *sua sponte*, whether there was a gross miscarriage of justice in the underlying removal proceedings before denying the motion to reopen. Having identif[ied no] legal or constitutional error" with the BIA's conclusion that it had been presented with no exceptional circumstances meriting *sua sponte* reopening, we lack jurisdiction to review further that conclusion. *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016); *see id.* at 588.

4

The petition for review is DENIED.[2]

---

[2] Petitioner's Motion for Extension of Time for Re-Assignment of New Counsel Within the Same Office is denied.

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.