**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO ROLANDO PAREJA ROJAS, AKA Ricardo Gomez, AKA Juan Perez Gonzalez, | No. 15-73315 |
| Petitioner, | Agency No. A206-912-789 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2018
San Francisco, California

Before: SILER,** PAEZ, and IKUTA, Circuit Judges.

Petitioner Ignacio Pareja Rojas petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his asylum, withholding of

removal, and Convention Against Torture ("CAT") claims and rejecting his due

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

process claim. We have jurisdiction under 8 U.S.C. § 1252. We review "the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review "claims of due process violations in deportation proceedings de novo." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We grant the petition for review in part, deny in part, and remand for further proceedings.

**1.** The BIA failed to credit Pareja Rojas's credible testimony and apply the totality-of-the-circumstances approach required under *Madrigal v. Holder*, 716 F.3d 499 (9th Cir. 2013). When persecutors do not conveniently announce themselves and their intentions prior to shooting at a person who later seeks asylum, we accept that a "persecutor's identity . . . may be established by . . . *circumstantial* evidence." *Karouni v. Gonzales*, 399 F.3d 1163, 1174 (9th Cir. 2005) (emphasis in original). The BIA's determination that Pareja Rojas had failed to provide such circumstantial evidence here is not supported by substantial evidence.

Pareja Rojas testified that within months of reporting a member of a drug organization to the police, he started receiving death threats at home. These calls accused him of snitching and threatened to kill him in retribution. When Pareja Rojas moved, unknown individuals appeared in his new neighborhood shortly thereafter to inquire after his whereabouts. A few months later, Pareja Rojas was

2

shot at six or seven times on his way to a local supermarket. Pareja Rojas testified that prior to making the report, he had never been threatened before.

When "[v]iewed in context," Pareja Rojas has plausibly alleged one continuous course of conduct that rises to the level of persecution. *Madrigal*, 716 F.3d at 505. Because his explanation for the shooting is plausible and supported by circumstantial evidence, "it *must* be credited in the absence of an explanation that is at least as plausible." *Id.* (emphasis added). Accordingly, we grant Pareja Rojas's petition for review of his asylum and withholding claims and remand for the agency to consider whether other plausible explanations for the shooting exist.[1] *See id.*

**2.**     In contrast, the BIA's determination that Pareja Rojas was not entitled to relief on his CAT claim is supported by substantial evidence. Petitioners seeking to prevail on a CAT claim "must show . . . a greater than 50 percent likelihood that [they] will be tortured." *Id.* at 508. Because the IJ was entitled to rely on conflicting evidence in the country conditions report, *see Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014), the record does not compel the conclusion that Pareja Rojas's testimony alone established a greater-than-fifty-percent likelihood

---

[1] We do not address the IJ's alternative grounds for denying Pareja Rojas relief. The BIA declined to address those issues in its decision, which means they are not properly before us for review. *See Lin v. Gonzales*, 473 F.3d 979, 983 (9th Cir. 2007).

of future torture.  We therefore deny Pareja Rojas's petition for review of his CAT claim.

**3.**      We likewise deny Pareja Rojas's petition for review of his due process claim.  Even assuming that the IJ violated Pareja Rojas's due process rights, Pareja Rojas has failed to show prejudice.  There is no indication that the "IJ's conduct potentially affected the outcome of the proceedings."  *Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002) (citation and alteration omitted).  Pareja Rojas received a full merits hearing and called two of his three available witnesses.  Moreover, counsel for Pareja Rojas admitted at the hearing that he thought the third witness would say "similar things," which indicates that even if the IJ wrongly excluded her testimony, the introduction of that testimony would not have introduced differences that could have altered the outcome of the proceeding.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, AND REMANDED.**