NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO GONZALEZ-RODRIGUEZ,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    18-71683
       19-71924

Agency No. A072-670-859

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2021
San Francisco, California

Before:  BERZON, CHRISTEN, and BADE, Circuit Judges.

Ricardo Gonzalez-Rodriguez was placed in deportation proceedings in 1994

and deported in 2001. In 2018, he filed a motion to reopen on the basis of

ineffective assistance of counsel and a motion to reconsider on the basis of *Pereira*

*v. Sessions*, 138 S. Ct. 2105 (2018). He now petitions for review of the BIA's

denial of both motions. We have jurisdiction under 8 U.S.C. § 1252. For the

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reasons that follow, we grant the petition with respect to the motion to reopen and deny the petition with respect to the motion to reconsider.

1. The BIA denied petitioner's motion to reopen as procedurally barred for two alternative reasons.

First, the BIA applied what is known as the "departure bar," which states that "[a] motion to reopen . . . shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). But "[t]he regulation is phrased in the *present* tense and so by its terms applies only to a person who departs the United States while he or she '*is* the subject of removal . . . proceedings.' Because petitioner's original removal proceedings were completed when he was removed . . . , he did not remain the subject of removal proceedings after that time." *Lin v. Gonzales*, 473 F.3d 979, 982 (9th Cir. 2007) (quoting 8 C.F.R. § 1003.23(b)(1) (emphasis and first ellipses in original)).

Second, the BIA applied the time and number bars, 8 C.F.R. § 1003.2(c)(2), and held that such bars should not be equitably tolled based on a reasonable person standard. According to the BIA, petitioner's motion did not show that he "took reasonable actions that could establish due diligence between 2001," when he was deported, "and 2017, when he consulted his present counsel." But the proper question is not what a reasonable person would do but rather "if (and when) . . . a

2

reasonable person *in petitioner's position* would suspect the specific fraud or error underlying [his] motion to reopen." *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (emphasis added).

Nothing in the BIA's brief equitable tolling analysis takes account of the petitioner's personal circumstances, which include: that petitioner was sixteen years old at the time his father applied for asylum for him and his family; that his attorney was dealing with his father, not with him; that his attorney was suspended from the practice of law, unbeknownst to petitioner, for part of the period he was representing petitioner; that his attorney said he would take care of filing a motion to reopen, but actually filed it out of time; that his attorney did not tell petitioner that the motion was rejected for untimeliness; that petitioner learned only in 2017 that his attorney was being prosecuted for the unauthorized practice of law and at that point began to suspect his attorney's actions may have contributed to the outcome of his case years earlier; and that, according to an examining therapist who submitted a report, petitioner has Post-Traumatic Stress Disorder and Generalized Anxiety Disorder as a result of experiencing sexual abuse as a child.

As the BIA did not apply the correct standard or consider the proper facts, its conclusion cannot stand. *See Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) ("The BIA abuses its discretion when it makes an error of law."); *Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011) ("The BIA abuses its discretion when it

denies petitioner's claim with no indication that it considered all of the evidence … presented by the petition.").

We therefore grant the petition as to the motion to reopen and remand to the BIA for analysis of the due diligence question applying the proper standard to petitioner's declaration. We note that, as in *Singh v. Gonzales*, "[t]he more difficult question [may be] whether [petitioner] acted with due diligence to definitively learn of the fraud *after he became suspicious of the fraud*." 491 F.3d 1090, 1096 (9th Cir. 2007) (emphasis added). We further note that the BIA did not alternatively address the merits of the motion to reopen. It may, of course, do so on remand, either alternatively or in lieu of an equitable tolling analysis.

2. In contrast to its handling of the motion to reopen, the BIA denied petitioner's motion to reconsider on the merits.

Petitioner originally applied in 1996 for suspension of deportation, but because his "Order[] to Show Cause [was] issued on August 6, 1994, [he was] well short of the 7 years needed to qualify." *See Alcaraz v. I.N.S.*, 384 F.3d 1150, 1153-56 (9th Cir. 2004). After petitioner was deported, *Pereira* held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear …' and therefore does not trigger the stop-time rule" for purposes of the calculation of continuous physical presence. 138 S. Ct. at 2110. The BIA concluded that the logic of "*Pereira* does not apply" to petitioner's case

4

because of the statutory distinction between a Notice to Appear and an Order to Show Cause. A Notice to Appear must specify the date and time of removal proceedings but there was no similar textual requirement for Orders to Show Cause. *Compare* 8 U.S.C. § 1252b(a)(2)(A)(i) (1994), *with* 8 U.S.C. § 1229(a)(1)(G)(i) (2018). As the petitioner has provided no basis for disapproving the BIA's conclusion, we uphold the BIA's ruling on this point.

GRANTED IN PART; REVERSED IN PART; AND REMANDED FOR RECONSIDERATION.[1]

---

[1] Petitioner's request for judicial notice and supplemental argument (Dkt. 63 in No. 18-71683 & Dkt. 47 in No. 19-71924) is denied.