NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDRES MACIAS-CONTRERAS, AKA
Efrain Moncada-Ibarra,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 20-72073

Agency No. A089-827-331

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2024[**]
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

    Efrain Moncada-Ibarra—a Mexican citizen who has also used the alias

"Andres Macias-Contreras"—petitions for review of a decision by the Board of

Immigration Appeals ("BIA") upholding a decision of an Immigration Judge ("IJ")

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("Torture Convention"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

under § 242 of the Immigration and Nationality Act.  *See* 8 U.S.C. § 1252.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

1.  The BIA properly concluded that Moncada-Ibarra's brief in the BIA failed to meaningfully challenge the IJ's determination that his asylum application was not timely filed within the statutory one-year deadline.  *See* 8 U.S.C. § 1158(a)(2)(B).  In this court, Moncada-Ibarra argues that his asylum application should be deemed timely on the ground that he is assertedly a class member permitted to file for asylum under the class-wide relief ordered in *Mendez Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018).  However, he concedes that this argument was not raised before the BIA in the proceedings leading to the order under review.[1]  Where, as here, the Government has asserted the petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we may not review these unexhausted arguments.  *See Santos-*

---

[1] Although Moncada-Ibarra subsequently sought to raise the issue before the BIA by way of a motion to reopen, he did not file a petition for review from the resulting denial, and that separate order is not before us.  *See Lin v. Gonzales*, 473 F.3d 979, 981 n.1 (9th Cir. 2007) (noting that a separate petition for review must be filed from a denial of a motion to reopen).

*Zacaria v. Garland*, 598 U.S. 411, 416–21 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, mandatory claim-processing rule that is subject to waiver and forfeiture); *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." (simplified)).

2. The agency determined that Moncada-Ibarra was ineligible for withholding of removal because he had failed to show that he was a member of his proposed social group of "persons who have assisted [the Department of Homeland Security ("DHS")] with the prosecution of smugglers." Substantial evidence supports this determination. Moncada-Ibarra points to a DHS document stating that he "was used as a material witness in a [DHS] smuggling case that is now complete," and he argues that this established his group membership. But the agency was entitled to conclude that, in light of other evidence in the record, Moncada-Ibarra had not shown that he had actually assisted with the prosecution of smugglers. As the BIA noted, Moncada-Ibarra conceded in his testimony before the IJ that he never provided DHS with the names of any smugglers and that he never testified in court against any smugglers. The BIA also noted that, although Moncada-Ibarra claimed he had signed a declaration for DHS, he provided no evidence about what it said. On this record, we cannot say that the record compels the conclusion that Moncada-Ibarra established his membership in his proposed

3

social group.[2]

3. Substantial evidence supports the agency's denial of Moncada-Ibarra's claim for relief under the Torture Convention. Moncada-Ibarra does not challenge the agency's determination that he did not prove past torture. The BIA further permissibly concluded that the country conditions evidence cited by Moncada-Ibarra did not establish that he faced a particularized risk of torture by or with the consent of the Mexican government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**

---

[2] We reject Moncada-Ibarra's contention that the BIA's ruling on the group-membership issue necessarily rested on acceptance of the IJ's adverse credibility finding, which the BIA stated was unnecessary to review. As we have explained, the BIA based its decision on accepting the content of Moncada-Ibarra's own testimony. We also reject Moncada-Ibarra's argument that the BIA violated his due process rights by failing specifically to mention the DHS document stating that he had been used as a material witness. To establish such a claim, Moncada-Ibarra "must overcome the presumption that [the BIA] did review the evidence," even though it did not specifically mention it. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). Given the BIA's discussion of the specific testimony that Moncada-Ibarra provided about his own interactions with DHS, we do not think the BIA's failure to explicitly mention a single unelaborated comment in a DHS record is sufficient to rebut the presumption that the BIA considered the entire record. Moreover, contrary to what Moncada-Ibarra claims, the BIA did not effectively require him to produce his DHS declaration; rather, it simply noted that he provided no evidence—not even his own testimony—about what that declaration said.