United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-60260
Summary Calendar

BLANCA NORIED GOMEZ-AREVALO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the
Board of Immigration Appeals
(A79 048 149)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Blanca Noried Gomez-Arevalo seeks review of the Board of Immigration Appeals' (BIA) denial of her motion to reopen based on evidence of changed circumstances in Colombia.

Gomez-Arevalo, a native and citizen of Colombia, entered the United States on or about 1 February 2002; she was not admitted or paroled following an Immigration Officer's inspection; and she was detained by the Immigration and Naturalization Service (INS) on 3

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

February 2002 for entering the United States without inspection. On the second day of her detention, the INS served a Notice to Appear on her to begin removal proceedings.

Gomez-Arevalo conceded she was deportable, but requested asylum and withholding of removal, relief under the Convention Against Torture, and voluntary departure. These requests were based on her allegations that: she was a pharmaceutical representative in rural communities in Columbia; on 27 April 2001, she was kidnaped by members of the FARC guerilla warfare group, which demanded medicine and for her to become a part of their group; the group threatened to kill her if she did not comply; the day after her release, she was captured by another guerilla warfare group that made similar threats; and upon being released, she sought, and received, a visa from the Honduras Consulate to travel to the United States.

On 8 April 2002, Gomez-Arevalo failed to appear at her hearing before the Immigration Judge (IJ); following an in absentia hearing, the IJ found her removable. On 9 October 2002, she filed her first untimely motion to reopen based on alleged exceptional circumstances that could excuse her absence. The IJ denied the motion on 30 October 2002, and the BIA affirmed without opinion on 29 January 2004.

On 25 January 2005, Gomez-Arevalo filed a second untimely motion to reopen, alleging changed country circumstances. 8 C.F.R.

2

§ 1003.2(c)(2) (2005) (requiring a motion to reopen to be filed within 90 days of the BIA's final order). The BIA denied the motion on 3 March 2005 because it was filed out of time and because Gomez-Arevalo failed to demonstrate a changed country circumstance.

On 1 April 2005, less than 30 days after the BIA's denial of her motion to reopen, Gomez-Arevalo timely filed her petition with this court . *See* 8 U.S.C. § 1252(b)(1) (2000). Because her motion to reopen was based on changed country circumstances, we have jurisdiction over the BIA's denial of the untimely motion to reopen. *See* **Panjwani v. Gonzales**, 401 F.3d 626, 632 (5th Cir. 2005) ("[W]e have appellate jurisdiction over the BIA's denial of an untimely motion to reopen deportation proceedings in instances where the petitioner files such a motion ... for 'changed circumstances' under 8 C.F.R. § 1003.2(c)(3)(ii)".). Gomez-Arevalo seeks review only of the denial of her second motion to reopen based on alleged new evidence of changed country circumstances.

"We review the BIA's denial of a motion to reopen proceedings under a highly deferential abuse of discretion standard." **Manzano-Garcia v. Gonzales**, 413 F.3d 462, 469 (5th Cir. 2005). "The standard is whether the Board has acted within the bounds of an abundant discretion granted it by Congress." **Lara v. Trominski**, 216 F.3d 487, 496 (5th Cir. 2000) (internal citation and quotation marks omitted).

3

Gomez-Arevalo's motion to reopen because of changed circumstances was based on alleged new evidence that: in September 2004, her sister, who lives in Colombia, received a telephone call from someone asking to speak with Gomez-Arevalo; a few days later, two men from the FARC group arrived at her sister's house and asked for Gomez-Arevalo's location; and the next evening, the group made a threatening telephone call to her sister's residence, again asking for information regarding Gomez-Arevalo.

The BIA properly denied Gomez-Arevalo's motion to reopen as untimely filed. 8 C.F.R. § 1003.2(c)(2) requires such a motion to be filed within 90 days of the BIA's final decision. Although the BIA entered its final order in these proceedings on 29 January 2004, Gomez-Arevalo did not file her motion to reopen until 25 January 2005, 272 days after the due date. Thus, the BIA did not abuse its discretion in finding that her failure to timely file the motion should result in its denial. *See **Panjwani***, 401 F.3d at 632-33 (affirming the BIA's denial of the petitioner's motion to reopen as untimely where the petitioner presented evidence insufficient to qualify for changed country exception to deadline).

Gomez-Arevalo asserts that her motion to reopen could be filed at any time, pursuant to the exception provided in 8 U.S.C. § 1229a(c)(6)(C)(ii) (Supp. 2005) (allowing exception to the 90-day deadline for motions to reopen when an alien seeking asylum submits evidence of changed country conditions that is "material and was

4

not available and would not have been discovered or presented at the previous proceeding"). Because, as discussed *infra*, Gomez-Arevalo's motion to reopen did *not* reflect changed country conditions, her motion does not fit under the exception.

The BIA did not abuse its discretion in concluding that Gomez-Arevalo failed to establish changed country circumstances. As discussed, she alleged that two members of the FARC group went to her sister's house to look for her and later made a threatening telephone call to her sister's family. The BIA determined correctly that such an isolated report of general threats does *not* establish the requisite change in circumstance. *See* **Eduard v. Ashcroft**, 379 F.3d 182, 188 (5th Cir. 2004) (stating that "mere denigration, harassment, and threats" are not sufficient evidence because "[n]either discrimination nor harassment ordinarily amounts to persecution under the INA").

*DENIED*