United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-61126
Summary Calendar

———————————

JUN ZHANG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 939 781
--------------------

Before KING, HIGGINBOTHAM, and GARZA, circuit judges.

PER CURIAM:[*]

Jun Zhang, a native and citizen of China, petitions this court for review of the BIA's denial of his motion to reopen removal proceedings based on changed circumstances in China and new evidence. Zhang concedes that his motion to reopen was not filed until after the 90-day deadline in 8 U.S.C. § 1229a(c)(7)(C)(i) had passed, but Zhang argued before the BIA -- and argues again here -- that his late filing is excused under § 1229a(c)(7)(C)(ii) because country conditions changed in China when government officials there communicated threats against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zhang to his father in response to Zhang's Falun Gong activities in the United States. The BIA rejected this argument and denied Zhang's motion to reopen, reasoning that China's repressive policy toward Falun Gong practitioners does not represent a change in country conditions that was not available or discoverable at the time of Zhang's previous hearing because the policy existed at that time.

We have jurisdiction to entertain Zhang's petition for review. Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005). This situation is analogous to cases affirming the denial of motions to reopen where, for example, the birth of another child in the United States raised for the first time the spectre of persecution under China's already-existing "one child" policy. See Zheng v. U.S. Dep't of Justice, 416 F.3d 129, 130-131 (2d Cir. 2005). Like those cases, the policy at issue here was discoverable prior to Zhang's first hearing even if it only became material for the first time at a later date. Therefore, the BIA's finding that the threats communicated to Zhang's father do not reflect the kind of change in country circumstances that is contemplated by § 1229a(c)(7)(C)(ii) was not an abuse of discretion. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000); see also Gomez-Arevalo v. Gonzales, 161 F. App'x 354, 357 (5th Cir. 2005) (unpublished).

Accordingly, Zhang's motion for judicial notice is GRANTED, but his petition for review is DENIED.