United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60351
Summary Calendar

———————————

FARIBA KEIVANI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 534 120
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Fariba Keivani, a native and citizen of Iran, petitions this
court for review of the BIA's denial of her motion to reopen
removal proceedings.  Keivani concedes that she previously filed
a motion to reopen and that her instant motion was filed more
than 90 days after the BIA completed its administrative review,
contrary to the rules in 8 U.S.C. § 1003.2(c)(2).  She contends,
however, that she is not subject to these rules because her
conversion to Christianity resulted in changed country conditions
in Iran.  The BIA rejected this argument and denied Keivani's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to reopen, reasoning that an individual's religious conversion did not constitute a change in a country's conditions.

An alien is not bound by number or timing requirements for filing a motion to reopen if her request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii). Evidence presented by Keivani establishes that any policy of torturing or persecuting Christians in Iran preceded her initial hearing before the BIA. The fact that Keivani's conversion made this fact more relevant to her case does not establish a "changed country condition," as required by § 1229a. The BIA did not abuse its discretion in denying Keivani's motion to reopen. See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550 (5th Cir. 2006).

Keivani also argues that the BIA's failure to consider her requests for nondiscretionary relief, in the forms of withholding of removal and relief under the Convention Against Torture, constituted a denial of due process. Because Keivani failed to raise this claim before the BIA, and because the BIA could have corrected any due process problem by granting the motion to reopen, the claim is unexhausted and this court is barred from considering it. Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004); Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). Keivani's petition for review is DENIED.