**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA DOLORES REYNOSO-
CISNEROS,
                    *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 05-71803

Agency No.
A92-554-471

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2007*

Filed June 7, 2007

Before: Harry Pregerson, Stephen Reinhardt, and
A. Wallace Tashima, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, California, for the petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, California; Marion E. Guyton, Esq., U.S. Department of Justice, Washington, DC, for the respondent.

## OPINION

PER CURIAM:

Maria Dolores Reynoso-Cisneros, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen exclusion proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law, including an agency's determination of its own jurisdiction, de novo. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We grant the petition for review and remand.

[1] This case is governed by our recent decision in *Lin v. Gonzales*, 473 F.3d 979 (9th Cir. 2007). Lin was deported from the United States, re-entered unlawfully, and filed a motion to reopen his proceedings with an immigration judge ("IJ"). *Id.* at 980. The IJ denied the motion under 8 C.F.R. § 1003.23(b)(1), which states "[a] motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States." *Id.* We held that the regulation did not preclude jurisdiction over motions to reopen filed by petitioners, like Lin, who had been lawfully removed after the completion of immigration proceedings, and only barred motions filed by an

individual "who departs the United States while he or she *is* the subject of removal . . . proceedings." *Id.* at 982 (internal citation omitted) (emphasis in original).

**[2]** Here, Reynoso-Cisneros was placed in exclusion proceedings and deported. She then re-entered and filed a motion to reopen with the BIA, claiming that a change in law now made her eligible for a waiver of inadmissibility under former section 212 of the Immigration and Naturalization Act. The BIA denied Reynoso-Cisneros' motion solely on the ground that it lacked jurisdiction under 8 C.F.R. § 1003.2(d), which states "[a] motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." The regulation at issue in *Lin* applies to motions to reopen filed with an IJ, whereas the regulation at issue here applies to motions to reopen filed with the BIA. The language of the two regulations is, in all material respects, identical.

**[3]** Reynoso-Cisneros, like Lin, filed her motion to reopen after she departed the United States under an exclusion order and, thus, after the completion of immigration proceedings. Because the BIA erred in concluding it lacked jurisdiction over Reynoso-Cisneros' motion to reopen, we remand for the BIA to consider the motion on the merits. *See INS v. Ventura,* 537 U.S. 12, 16-18 (2006) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**