**Bertha Maria ESPARZA DE RUBIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74773.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Willard Bakeman, Esq., Law Office of Willard Bakeman, Oceanside, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Bertha Maria Esparza de Rubio, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") granting the Department of Homeland Security's ("DHS") motion to reconsider. We grant the petition and remand for further proceedings.

Pursuant to 28 U.S.C. § 1631, we conclude that it was "in the interest of justice" for the district court to transfer Esparza de Rubio's habeas petition to this court, as it was filed one day after the REAL ID Act became effective. *Cf. Puri v. Gonzales*, 464 F.3d 1038, 1042–43 (9th Cir. 2006) (concluding that transfer was not in the interest of justice where habeas petition was filed almost three months after the REAL ID Act, and petitioner also filed a contemporaneous petition for review); *see also Rodriguez–Roman v. INS*, 98 F.3d 416, 424 (9th Cir.1996).

On the merits, the BIA abused its discretion in granting DHS's motion to reconsider on the ground that Esparza de Rubio

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had been deported. *See Reynoso–Cisneros v. Gonzales,* 491 F.3d 1001, 1002 (9th Cir.2007) (per curiam) (8 C.F.R. § 1003.2(d) does not preclude BIA jurisdiction over motions to reopen filed by aliens after their deportation). We therefore grant the petition for review and remand for further proceedings.

PETITION FOR REVIEW GRANTED; REMANDED.