**Fadi Boulos CHAIBAN, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 06–70735.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 5, 2008.

Liwan A. Mah, Esquire, Fenwick & West, LLP, San Francisco, CA, for Petitioner.

Robert Lawrence Ellman, Esquire, Assistant U.S., USLV–Office of the U.S. Attorney, NVL–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Cindy S. Ferrier, Senior Litigation Counsel, Michelle Gorden Latour, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ROTH,[*] BYBEE, and BEA, Circuit Judges.

MEMORANDUM [**]

Fadi Chaiban petitions for review of two orders denying his motions to reopen his 1999 immigration proceedings. The first order is from an Immigration Judge (IJ) in 2003 and the second is from the Board of Immigration Appeals (BIA) in 2004.[1] Both the IJ and BIA concluded that they did not have jurisdiction to consider Chaiban's motions to reopen because Chaiban filed the motions subsequent to his removal. Chaiban argues that we have since held, in *Reynoso–Cisneros v. Gonzales,* 491 F.3d 1001 (9th Cir.2007), and *Lin v. Gonzales,* 473 F.3d 979 (9th Cir.2007), that the IJ's and BIA's decisions were incorrect because an alien is only barred from filing

---

[*] The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Chaiban also petitions for review of his 1999 removal order, but given our holding here, we need not address this argument.

a motion to reopen subsequent to removal if the alien is presently subject to removal proceedings. Because the *Reynoso–Cisneros* and *Lin* courts so held and because Chaiban is not presently in removal proceedings, we GRANT Chaiban's petition, REVERSE the BIA's determinations, and REMAND this cause to the BIA to consider Chaiban's motions to reopen on the merits.

## I.

An IJ ordered Chaiban removed in 1999. He was removed in 2000 and illegally reentered the United States later that year. On September 10, 2003, Chaiban filed a motion to reopen his 1999 order of removal with the IJ. The IJ denied Chaiban's motion to reopen, finding that, pursuant to 8 C.F.R. § 1003.23(b)(1), he did not have jurisdiction to consider the motion. On December 4, 2003, the BIA affirmed without opinion.[2] Chaiban filed his second motion to reopen with the BIA on December 2, 2003. The BIA denied the motion, reasoning that 8 C.F.R. § 1003.2(d)[3] precluded it from analyzing Chaiban's motion.

Though Chaiban's motions to reopen were filed four years after entry of his final order of removal, both the IJ and the BIA concluded that 8 C.F.R. §§ 1003.23(b)(1) and 1003.2(d), respectively, prevented them from asserting jurisdiction over Chaiban's motions to reopen. After their rulings, however, we held that those regulations only prevent review *while* removal, deportation, or exclusion proceedings are pending. *Lin*, 473 F.3d at 982; *Reynoso–Cisneros*, 491 F.3d at 1002. Neither the IJ nor the BIA ruled on the timeliness of Chaiban's motions.

Here, Chaiban filed his motions to reopen after the completion of the removal proceedings. The IJ thus had jurisdiction over Chaiban's September 2003 motion to reopen. Similarly, the BIA had jurisdiction over Chaiban's December 2003 motion to reopen.

Petition for Review GRANTED. We REVERSE the determinations of the IJ and BIA, and we REMAND this matter to the BIA to consider the merits of Chaiban's motions.

---

**2.** When the BIA affirms without opinion, we review the IJ's decision as the final agency decision. *Mansour v. Ashcroft*, 390 F.3d 667, 671 (9th Cir.2004).

**3.** 8 C.F.R. § 1003.2(d) provides in pertinent part that "a motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."

