# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2010

Charles R. Fulbruge III
Clerk

No. 07-61003
Summary Calendar

ABD ALRAHMAN AL-MOUSA

Petitioner

v.

ERIC H HOLDER, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 409 240

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Abd Alrahman Al-Mousa, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals (BIA) denial of his 2007 motion to reopen his removal proceedings. Al-Mousa was removed to Syria in 2005. The BIA rejected his motion to reopen based upon 8 C.F.R. § 1003.2(d), which provides in relevant part that "[a] motion to reopen . . . shall not be made by or on behalf of a person who is the subject of removal . . . proceedings subsequent to his . . . departure from the United States."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Al-Mousa argues that the BIA's denial of his motion to reopen based upon 8 C.F.R. § 1003.2(d) was contrary to the language of 18 U.S.C. § 1229a(c)(7)(A), which provides: "An alien may file one motion to reopen proceedings under this section. . . ."  8 U.S.C. § 1229a(c)(7)(A).  In support of his argument, he relies in part on the Fourth Circuit's opinion in *William v. Gonzales*, 499 F.3d 329, 332 (4th Cir. 2007), and the Ninth Circuit's opinions in *Lin v. Gonzales*, 473 F.3d 979, 982 (9th Cir. 2007), and *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007).

In *Ovalles v. Holder*, 577 F.3d 288 (5th Cir. 2009), we rejected materially indistinguishable arguments.  We first concluded that because § 1229a(c) did not grant Ovalles the right to file an untimely motion to reconsider or reopen, he could not rely on that statute to challenge the validity of the post-departure bar in § 1003.2(d).  *Id*. at 296, 299-300.  Similarly, in this case, Al-Mousa cannot rely on § 1229a(c)(7)(A) to challenge the post-departure bar in § 1003.2(d) because his motion to reopen, which was filed in 2007, more than 90 days after the 2003 final order of removal, was untimely.  *See id*.; § 1229a(c)(7)(C).

In *Ovalles*, we also rejected Ovalles's reliance on the Ninth Circuit's opinions in *Lin* and *Reynoso-Cisneros* for the proposition that § 1003.2(d) did not apply to his case because he was no longer the subject of a removal proceeding. *Ovalles*, 577 F.3d at 297-98.  We concluded that the post-departure bar on motions to reconsider and reopen applied and was intended to apply to aliens who departed the country following the termination of their removal proceedings.  *Id*.  Accordingly, Al-Mousa's arguments are without merit in light of our opinion in *Ovalles*, and his petition for review is DENIED.