# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

July 9, 2010

No. 07-61003
Summary Calendar

Lyle W. Cayce
Clerk

ABD ALRAHMAN AL-MOUSA

Petitioner

v.

ERIC H HOLDER, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 409 240

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The petition for rehearing is DENIED.  However, we withdraw our prior opinion, *Al-Mousa v. Holder*, No. 07-61003, 2010 WL 1141567 (5th Cir. Mar. 17, 2010), and substitute the following.

Abd Alrahman Al-Mousa, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals (BIA) denial of his 2007 motion to reopen his removal proceedings.  Al-Mousa was removed to Syria in 2005.  The BIA rejected his motion to reopen based upon 8 C.F.R. § 1003.2(d), which provides in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant part that "[a] motion to reopen . . . shall not be made by or on behalf of a person who is the subject of . . . removal proceedings subsequent to his . . . departure from the United States."

Al-Mousa argues that the BIA's denial of his motion to reopen based upon 8 C.F.R. § 1003.2(d) was contrary to the language of 8 U.S.C. § 1229a(c)(7)(A), which provides: "An alien may file one motion to reopen proceedings under this section . . . ." In support of his argument, he relies in part on the Fourth Circuit's opinion in *William v. Gonzales*, 499 F.3d 329, 331–32 (4th Cir. 2007), and the Ninth Circuit's opinions in *Lin v. Gonzales*, 473 F.3d 979, 981–82 (9th Cir. 2007), and *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007).

We find that Al-Mousa's motion to reopen was untimely; accordingly, we do not reach the issue of whether 8 C.F.R. § 1003.2(d) is contrary to § 1229a(c)(7)(A). Generally, a petitioner must file a motion to reopen within ninety days of the BIA's decision. 18 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that Al-Mousa did not file his motion within this ninety-day period. Al-Mousa argues that his motion to reopen was not untimely because, under § 1229a(c)(7)(C)(ii), "[t]here is no time limit on the filing of a motion to reopen if the . . . motion . . . is based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."

Al-Mousa tries to establish changed country conditions by asserting that after his return to Syria, he was imprisoned, tortured, held incommunicado, and sentenced to death, although his death sentence later was commuted. While Al-Mousa's experiences since his return truly are deplorable, they do not amount to changed country conditions. In his initial application for withholding of removal, Al-Mousa asserted that he would be arrested and tortured if returned to Syria. In his motion to reopen, Al-Mousa argues that events have unfolded "exactly as he had feared and previously expressed." Al-Mousa's assertions

2

describe an ongoing repressive governmental policy which has become more relevant to him since his return to Syria. This does not constitute a "change" as we have defined that term.

The instant case is similar to *Keivani v. Gonzales*, where we found that Keivani had failed to establish changed country conditions under § 1229a(c)(7)(C)(ii). 214 F. App'x 469, 470 (5th Cir. 2007) (per curiam) (unpublished). Keivani, a citizen of Iran, contended that her conversion to Christianity constituted changed country conditions. *Id.* We disagreed, noting that "[e]vidence presented by Keivani establishes that any policy of torturing or persecuting Christians in Iran preceded her initial hearing before the BIA." *Id.* We reasoned that "[t]he fact that Keivani's conversion made this fact more relevant to her case" did not indicate a changed country condition. *Id.* Likewise, in *Zhang v. Gonzales*, Zhang argued that changed country conditions existed because of new government threats against him due to his Falun Gong activities. 210 F. App'x 438, 439 (5th Cir. 2006) (per curiam) (unpublished). We disagreed, explaining that "the policy at issue here was discoverable prior to Zhang's first hearing even if it only became material for the first time at a later date." *Id.*; *see also Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005) (affirming denial of motion to reopen when the birth of a second child raised for the first time the possibility of persecution under China's preexisting "one child" policy). Here, the policy at issue was discoverable prior to Al-Mousa's first hearing. Accordingly, simply because the policy is now being applied to Al-Mousa does not constitute changed country conditions.

Because § 1229a(c)(7)(C)(ii) does not apply, Al-Mousa is subject to the ninety-day limitations period of § 1229a(c)(7)(C)(i). However, Al-Mousa's motion to reopen was untimely under § 1229a(c)(7)(C)(i), and our decision in *Ovalles v. Holder* bars his arguments. In *Ovalles*, we first concluded that because § 1229a(c) did not grant Ovalles the right to file an untimely motion to reconsider or reopen, he could not rely on that statute to challenge the validity

of the post-departure bar in § 1003.2(d).  577 F.3d 288, 296, 299-300 (5th Cir. 2009).  Similarly, in this case, Al-Mousa cannot rely on § 1229a(c)(7)(A) to challenge the post-departure bar in § 1003.2(d) because his motion to reopen, which was filed in 2007, more than ninety days after the 2003 final order of removal, was untimely.  *See id.*; § 1229a(c)(7)(C).

In *Ovalles*, we also rejected Ovalles's reliance on the Ninth Circuit's opinions in *Lin* and *Reynoso-Cisneros* for the proposition that § 1003.2(d) did not apply to his case because he was no longer the subject of a removal proceeding. *Ovalles*, 577 F.3d at 297–98.  We concluded that the post-departure bar on motions to reconsider and reopen applied and was intended to apply to aliens who departed the country following the termination of their removal proceedings.  *Id.*

Because of our holding in *Ovalles* and Al-Mousa's failure to establish changed country conditions, Al-Mousa's petition for review is DENIED.