**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA ROMERO-VALENZUELA, | No. 09-71525 |
| Petitioner, | Agency No. A093-142-519 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Sandra Romero-Valenzuela, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Reynoso-*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam), and we grant the petition for review and remand for further proceedings.

In concluding that the agency lacked jurisdiction to reopen Romero-Valenzuela's proceedings as a result of her prior deportation, the BIA did not have the benefit of *Reyes-Torres v. Holder*, 645 F.3d 1073 (9th Cir. 2011), in which we held that 8 C.F.R. § 1003.2(d) did not preclude the filing of a motion to reopen after the petitioner had been removed. *See Reyes-Torres*, 645 F.3d at 1076-77; *see also Reynoso-Cisneros*, 491 F.3d at 1002 (treating departure bars under 8 C.F.R. §§ 1003.2(d) and 1003.23(b)(1) as substantively identical). We remand to the BIA in light of this intervening caselaw.

In light of our disposition, we need not address Romero-Valenzuela's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**