**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR HUGO MENDOZA MEDINA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 10-73583<br><br>Agency No. A013-210-491<br><br>MEMORANDUM[*] |
| VICTOR HUGO MENDOZA MEDINA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-70727<br><br>Agency No. A013-210-491 |
| VICTOR HUGO MENDOZA MEDINA, Petitioner, v. | No. 11-71344<br><br>Agency No. A013-210-491 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 9, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BATTAGLIA, District Judge.**

Victor Medina, a native and citizen of Bolivia, petitions for review of three decisions by the Board of Immigration Appeals ("BIA").  We grant in part, dismiss in part, and deny in part the petitions for review and remand to the BIA.

In December 2007, the BIA affirmed a decision by an Immigration Judge ("IJ") concluding that Medina was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a) because he was convicted of an aggravated felony.  While residing in the United States as a lawful permanent resident, Medina was twice convicted of misdemeanor possession of crack cocaine.  The BIA deemed his second conviction an aggravated felony under its decision in *In re Carachuri-Rosendo*, 24 I. & N. Dec. 382 (B.I.A. 2007) (en banc).

---

** The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

2

After being removed to Bolivia, Medina attempted to reenter the United States. While he was detained in Arizona, the United States Supreme Court reversed the BIA's decision in *Carachuri-Rosendo*, which was the basis for the BIA's determination in December 2007 that Medina was not eligible for cancellation of removal. *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589–90 (2010).

In November 2010, the BIA noted that the Court's decision in *Carachuri-Rosendo* constituted a "material change[] in the law," but declined to reopen Medina's 2007 removal proceedings *sua sponte* because of the "departure bar" in 8 C.F.R. § 1003.2(d). Under the BIA's interpretation of the departure bar, it is precluded from reopening prior removal proceedings—whether on motion or *sua sponte*—after the alien has been removed from the United States pursuant to those proceedings. *See Matter of Armendarez-Mendez*, 24 I. & N. Dec. 646, 648 (B.I.A. 2008). That interpretation is inconsistent with this court's precedent, which provides that the BIA is not jurisdictionally barred from determining whether to reopen prior proceedings if the alien was involuntarily removed from the United States. *See Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010); *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam); *Lin v. Gonzales*, 473 F.3d 979, 981–82 (9th Cir. 2007). In its brief, the government argued that we

3

should remand to the BIA with instructions to determine whether to apply Ninth Circuit or Fifth Circuit law in determining whether 8 C.F.R. § 1003.2(d) bars the BIA from considering whether to reopen the 2007 proceedings. At argument, the government acknowledged that the Fifth Circuit has now also held that 8 C.F.R. § 1003.2(d) does not deprive the BIA of jurisdiction to entertain whether to reopen prior removal proceedings after the alien has been removed. *See Garcia-Carias v. Holder*, 697 F.3d 257, 264 (5th Cir. 2012); *Lari v. Holder*, 697 F.3d 273, 277 (5th Cir. 2012).

We grant the portion of Medina's petition that challenges the BIA's reliance on the departure bar in declining whether to consider reopening his 2007 removal proceedings. We remand to the BIA so that it may decide whether to reopen the 2007 removal proceedings without relying on its interpretation of 8 C.F.R. § 1003.2(d).

Medina further urges this court to order the BIA to invalidate his 2007 removal proceedings on the basis that they resulted in a "gross miscarriage of justice" because the IJ denied Medina's fourth request for a continuance to retain an attorney and applied Fifth Circuit law rather than Ninth Circuit law in determining that Medina did not qualify for cancellation of removal. We lack jurisdiction to review this claim because Medina never raised these arguments

4

before the IJ or the BIA in the proceedings that are the subject of the petition for review. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). This court has permitted aliens to collaterally attack prior removal proceedings *in subsequent removal proceedings*, which are in turn subject to review by this court. *See, e.g.*, *Garcia de Rincon v. D.H.S.*, 539 F.3d 1133, 1138 (9th Cir. 2008); *Ramirez-Juarez v. I.N.S.*, 633 F.2d 174, 175–76 (9th Cir. 1980). But there is no support for the proposition that an alien can collaterally attack a prior removal proceeding by raising arguments before this court that have never been presented to the BIA. Accordingly, we dismiss Medina's petition for review to the extent that it collaterally attacks his 2007 removal proceedings on the grounds that they constituted a "gross miscarriage of justice."

Finally, Medina contends that the BIA erred by affirming the IJ's decision that he does not qualify for asylum. Specifically, Medina argues that the BIA failed to address his assertion that he faces a well-founded fear of future persecution in Bolivia on account of his status as an HIV-positive individual. In its November 2010 decision, the BIA explained that the IJ found that Medina "had not suffered past persecution or shown a well-founded fear of future persecution" and observed that the events that Medina offered in support of the claim did not rise to the level of persecution. Even if the BIA's analysis does not address with

5

particularity Medina's fear of future persecution on account of his HIV-positive status, this court may look to the reasoning in the IJ's opinion under these circumstances. *See Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1197 (9th Cir. 2000) ("[T]he lack of analysis that the BIA opinion devoted to the issue at hand—its simple statement of a conclusion—also suggests that the BIA gave significant weight to the IJ's findings. In light of that ambiguity, we will also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion."). The IJ expressly rejected the claim at issue here when it concluded that "[t]he Court also does not find that the respondent has established a well-founded fear of future persecution" before examining the specific instances of mistreatment that formed the basis of Medina's application for asylum. Substantial evidence supports the conclusion reached by the IJ and the BIA that Medina does not qualify for asylum. As a result, we deny Medina's petition for review with respect to this claim.

Each party shall bear its own costs for this petition for review.

The petition for review is **GRANTED** in part, **DISMISSED** in part, **DENIED** in part, and **REMANDED**.