**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA DAYSI CARDELLA, AKA Ana Daysi Brcenas-Anaya,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   14-71834<br><br>Agency No. A028-758-687<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2017**
Pasadena, California

Before: MOTZ,*** M. SMITH, and NGUYEN, Circuit Judges.

Ana Daysi Cardella, a citizen of El Salvador, seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

dismissal of her application for adjustment of status for lack of jurisdiction. We have jurisdiction under 8 U.S.C. § 1252. Because an agency's determination of its jurisdiction is a question of law, we review de novo. *See Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007). For the reasons that follow, we deny Cardella's petition for review.

1.      8 C.F.R. § 245.2(a)(1) provides that United States Citizenship and Immigration Services ("USCIS") has jurisdiction over applications for status adjustment filed by "any alien, unless the immigration judge has jurisdiction." In turn, 8 C.F.R. § 1245.2(a)(1)(ii) specifies that when an arriving alien is placed in removal proceedings, an IJ lacks jurisdiction unless four requirements are met. Cardella argues that this latter regulation violates 8 U.S.C. § 1255(a). We disagree.

8 U.S.C. § 1255(a) provides that an alien who is "inspected and admitted or paroled" into the United States "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," to the status of a permanent resident. In *Bona v. Gonzales*, this court invalidated a prior regulation that barred any "'arriving alien' . . . in removal proceedings" from applying for adjustment. 425 F.3d 663, 670–71 (9th Cir. 2005). *Bona* explained that § 1255(a) "did not delegate to the Attorney General the discretion to choose *who* was *eligible to apply* for" adjustment of status. *Id.* at 670 (first emphasis added). Cardella

2

argues that like the regulation invalidated in *Bona*, 8 C.F.R. §1245.2(a)(1) directly conflicts with the statute. We disagree. Unlike the regulations invalidated in *Bona*, the current regulations do not limit *who* may apply for adjustment; they merely specify *how* eligible individuals may apply for adjustment—by applying either to USCIS or to an IJ, depending on the circumstances. Merely "regulating the manner in which . . . applications shall be made" is within the authority granted to the Attorney General by § 1255(a). *See Bona*, 425 F.3d at 670. For that reason, § 1245.2(a)(1) is a valid regulation and does not conflict with § 1255(a). We note that the Sixth and Eleventh Circuits have so held. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1251 (11th Cir. 2008) ("8 C.F.R. § 1245.2(a)(1) reflects a reasonable construction of the statute's delegation of authority to the Attorney General."); *Gazeli v. Session*, 856 F.3d 1101, 1108 (6th Cir. 2017) ("[T]he regulation is an appropriate exercise of the Attorney General's authority to implement the INA.").

2. The BIA correctly held that the IJ lacked jurisdiction over Cardella's application for adjustment because she did not meet all the applicable requirements of 8 C.F.R. § 1245.2(a)(1). As an arriving alien placed in removal proceedings, Cardella must have "departed from and returned to the United States pursuant to the terms of a grant of advance parole to pursue the previously filed application for adjustment of status." 8 C.F.R. § 1245.2(a)(1)(ii)(B). Cardella does not dispute

3

that she neither left the United States after submitting her adjustment application to USCIS, nor returned upon a grant of advance parole.  Accordingly, under § 1245.2(a)(1), the IJ lacked jurisdiction over Cardella's application for adjustment.

**PETITION DENIED.**