NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROXANA LILIBETH MELENDEZ-
CORDOVA,

　　　　　　Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　Respondent.

No.　20-71832

Agency No. A209-440-275

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2021[**]
Pasadena, California

Before: WATFORD and BUMATAY, Circuit Judges, and FREUDENTHAL,[***]
District Judge.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]　The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Petitioner Roxana Melendez-Cordova, a citizen of El Salvador, seeks review of the Board of Immigration Appeals' (BIA) order finding her ineligible for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She also challenges the BIA's order dismissing her appeal and affirming the Immigration Judge's (IJ) orders. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We "review questions of law, including an agency's determination of its own jurisdiction, de novo." *Reynoso-Cisneros v. Gonzales*, 491 F.3d 1001, 1002 (9th Cir. 2007). Denials of asylum, withholding of removal, and CAT relief are reviewed for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

1. With respect to Melendez's asylum claim, substantial evidence supports the agency's determination that Melendez failed to establish that she suffered harm that rose to the level of persecution. To qualify as a refugee, an applicant must establish that she "is unable or unwilling to return to h[er] home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (simplified).

Melendez has not shown that she has suffered past persecution. Persecution is an "extreme concept" that does not encompass every form of mistreatment but is

2

instead defined as "the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (simplified). Melendez contends that the gang's personal confrontations and "repeated threats" to harm her and members of her family resulted in emotional and psychological trauma that rose to the level of persecution. But the IJ determined that these threats did not rise to the level of persecution because Melendez did not suffer "severe physical harm" and was "able to return home without further injury." The record shows that these threats occurred on only five occasions and exclusively near her school, that the gang members never followed through with their threats to Melendez or her family, and that she continued to attend school without incident before moving to the United States. We do not question whether these threats were frightening, but the evidence does not compel a finding of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (stating that evidence of threats did not compel the conclusion that petitioner suffered past persecution).

Melendez also failed to establish a well-founded fear of future persecution. To do so, the applicant "must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonably possibility' of persecution upon return to the country in question." *See Duran-Rodriguez*, 918 F.3d at 1029. In the absence of past persecution, the objective component must be established by considering "credible, direct, and

specific evidence in the record of facts that would support a reasonable fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (simplified). The IJ determined that, although Melendez's fear of future harm was subjectively genuine, it was not objectively reasonable. The IJ determined that there was nothing in the record to suggest that the gang members have a sustained interest in Melendez or that they would target her for harm if she were to return to El Salvador. The IJ noted that the gang has made no effort to locate Melendez since she left in October 2016, nor have they contacted members of her family or visited her home in El Salvador.

2. For the same reason, substantial evidence also supports the agency's determination that Melendez was not entitled to withholding of removal. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal," which requires showing a "clear probability" of persecution in the proposed country of removal.).

3. Substantial evidence also supports the agency's denial of CAT relief because Melendez failed to show that it is "more likely than not" that the applicant will be tortured with the "acquiescence" of government officials if removed. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (simplified). The IJ found that the "evidence of record does not indicate that [she] might be killed or tortured by

4

gangs by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Melendez cites no evidence in the record compelling a contrary conclusion.

4. Finally, Melendez argues that the IJ lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because her notice to appear (NTA) did not indicate the time and place of the initial hearing. We disagree. *Pereira* interpreted 8 U.S.C. § 1229(a)(1), which only concerns the stop-time rule. Immigration court jurisdiction is governed by federal regulation which "does not require that the time and date of proceedings appear in the initial notice." *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

Melendez's argument that her NTA was deficient because it failed to list the address of the immigration court is also without merit. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 894–95 (9th Cir. 2020) (holding that a NTA that does not indicate the address of the immigration court does not deprive the IJ of jurisdiction).

**PETITION DENIED.**