NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO ALVAREZ-ACOSTA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-548

Agency No.
A088-356-528

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025[**]
Submitted June 6, 2025

Before: BOGGS,[***] FRIEDLAND, and BRESS, Circuit Judges.

Armando Alvarez-Acosta (Alvarez), a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal

from an Immigration Judge's (IJ) order denying his application for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

removal.  "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions."  *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted).  Alvarez also purports to challenge a subsequent BIA decision denying his motion to reopen, from which he did not file a petition for review.  We have jurisdiction over the BIA's denial of cancellation of removal under 8 U.S.C. § 1252, and we deny the petition as to that claim.  We dismiss Alvarez's challenge to the BIA's denial of reopening because Alvarez did not file a petition for review from that separate decision.

1.  Substantial evidence supports the agency's conclusion that Alvarez's qualifying relatives, his two younger United States citizen children, would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and that Alvarez is therefore ineligible for cancellation of removal.  8 U.S.C. § 1229b(b)(1)(D).  Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D).  *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is

substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at \*8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's hardship determination for substantial evidence. *See id.* at \*7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Alvarez did not demonstrate the required hardship for purposes of cancellation of removal. The agency considered that Alvarez's children would remain in the United States after his removal. The IJ acknowledged that one child has hearing issues and that counselors had recommended testing him for autism, but noted that his ear infections had improved, he participated in classes, and he had not had any issues testifying at Alvarez's hearing. The IJ also recognized that Alvarez's other child has asthma and allergies, and that her grades had suffered due to her father's removal proceedings. But the IJ concluded that the children were generally healthy, that Alvarez's removal would not disrupt their education or healthcare, and that Alvarez would be able to financially support them from Mexico. Based on these findings, substantial

evidence supports the determination that Alvarez has not demonstrated exceptional and extremely unusual hardship to his children in the event of his removal. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at \*9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

The IJ also did not err by not specifically discussing the cumulative effects of the deportation of Alvarez's eldest son on his qualifying relatives. The IJ stated that she had considered all the evidence in the record, and the agency is not required to "discuss each piece of evidence submitted." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

2. We dismiss Alvarez's challenge to the BIA's denial of reopening. Alvarez was required to file a second petition seeking review of the BIA's decision denying his motion to reopen. *See Lin v. Gonzales*, 473 F.3d 979, 981 n.1 (9th Cir. 2007) ("The denial of a motion to reopen falls within our jurisdiction over final orders of removal (not issued *in absentia*) under 8 U.S.C. § 1252(a)(1), provided that the denial has been separately appealed."); *see also Andia v. Ashcroft*, 359 F.3d 1181, 1183 n.3 (9th Cir. 2004) (per curiam) ("Both the Supreme Court and this circuit have made clear that the BIA's denial of a motion to reconsider is a separate action that must be separately appealed for this court to have jurisdiction.").

3. The temporary stay of removal will remain in place until the issuance of the

mandate, and the motion to stay removal (Dkt. No. 2) is otherwise **DENIED**.

**PETITION DENIED IN PART AND DISMISSED IN PART.**